

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>CUZCO DEVELOPMENT U.S.A., LLC,<br><br>                Debtor. | Case No. 16-00636<br>Chapter 11 |
| CUZCO DEVELOPMENT U.S.A., LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>JCCHO HAWAII, LLC,<br><br>               Defendant. | Adv. Pro. No. 16-90031<br><br><br><br><br>Related Dkt. No. 16 |

## MEMORANDUM OF DECISION ON
## MOTION FOR SUMMARY JUDGMENT

Cuzco Development U.S.A., LLC ("Cuzco") has filed a motion for summary

judgment that presents the question whether a chapter 11 debtor in possession may

avoid a lease that was not filed in the Land Court. The lessee, JCCHO Hawaii, LLC ("JCCHO"), acknowledges that the lease was not filed, but claims that a notice of pendency of action filed by a mortgagee in a foreclosure action protects its interest. For the reasons that follow, I will grant Cuzco's motion.

I.   FACTS

Cuzco's primary asset is a 3.5 acre commercial property located at 805-919 Keeaumoku Street, Honolulu, Hawaii ("Keeaumoku Property"). The Keeaumoku Property is improved with low-rise buildings that are leased to commercial tenants.

JCCHO claims an interest in the Keeaumoku Property by virtue of a master lease, which Cuzco allegedly signed on June 27, 2015, and the agent for JCCHO allegedly signed a month later on July 27, 2015. The master lease had an initial term of about four and a half years, beginning August 1, 2015, and ending Dec. 31, 2019.

Cuzco disputes the validity of the master lease on non-bankruptcy grounds. JCCHO, in turn, claims that the master lease is valid and that Cuzco defrauded JCCHO. According to JCCHO, it believed Cuzco would record the short form lease but it did not; Cuzco did not tell JCCHO that there was a dispute going on in Korea about control of Cuzco; and Cuzco wrongfully excluded JCCHO from certain prebankruptcy state court proceedings. Cuzco denies JCCHO's allegations.

Most but not all of the parcels comprising the Keeaumoku Property are registered in the Land Court; a small portion of the total area is not. The master lease

2

U.S. Bankruptcy Court - Hawaii   #16-90031   Dkt # 39   Filed 11/03/16   Page 2 of 10

is not noted on the Land Court transfer certificate of title ("TCT") for the Land Court parcels, even though it has a term of more than one year.[1]

On January 21, 2016, East West Bank, the holder of the first mortgage on the Keeaumoku Property, filed a foreclosure action against Cuzco and other parties claiming an interest in the property, including JCCHO. East West Bank filed a notice of pendency of action ("NOPA") on January 27, 2016, with the Land Court. A month later, JCCHO filed an answer and cross-claim in the foreclosure case, demanding (among other things) specific performance of the master lease and a declaration that the master lease "is valid, binding and enforceable."[2] JCCHO did not file its own NOPA.

## II. PROCEDURAL BACKGROUND

Cuzco filed for chapter 11 relief on June 20, 2016.

Cuzco commenced this adversary proceeding on July 15, 2016, to avoid the master lease of JCCHO. Cuzco claims that, as a hypothetical bona fide purchaser of the Keeaumoku Property under 11 U.S.C. § 544(a)(3), it is entitled to avoid the master lease as to the Land Court parcels because the master lease is not noted on the TCT. The complaint does not seek to avoid the master lease on the non-Land Court parcel or to invalidate the master lease under non-bankruptcy grounds.

---

[1] Haw. Rev. Stat. § 501-121.

[2] Dkt. No. 27-16 at 21.

U.S. Bankruptcy Court - Hawaii   #16-90031   Dkt # 39   Filed 11/03/16   Page 3 of 10

On August 17, 2016, JCCHO filed an answer and a counterclaim for unjust enrichment, breach of contract, breach of good faith and fair dealing, and tortious interference with business.

Cuzco seeks summary judgment on the complaint, but not on the counterclaim.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[3] The moving party has the initial burden of "identifying the portions of the materials on file that it believes show an absence of a genuine issue of material fact."[4] If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory.[5] In a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party.[6]

## IV. DISCUSSION

Cuzco relies on one of the "strong arm" provisions of the Bankruptcy Code:

---

[3] Fed. R. Civ. P. 56(c).

[4] *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

[5] *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir. 1979).

[6] *State Farm Fire & Cas. Co. v. Martin*, 872 F.2d 319, 320 (9th Cir. 1989).

U.S. Bankruptcy Court - Hawaii   #16-90031   Dkt # 39   Filed 11/03/16   Page 4 of 10

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> . . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists [and has perfected such transfer ].[7]

In a chapter 11 case, the debtor in possession has the same powers as a trustee.[8] Therefore, the debtor in possession has the rights and powers of a bona fide purchaser of real property. The debtor in possession can then avoid any lien or conveyance that a hypothetical buyer on the petition date could avoid.[9] The debtor in possession's rights and powers as a bona fide purchaser of real property are fixed by the law of the state governing the property in question.[10] In this case, Hawaii law applies to determine whether the debtor can avoid the unfiled master lease of Land Court property.

Under Hawaii state law, "[e]very applicant receiving a certificate of title in pursuance of a decree of registration, and every subsequent purchaser of registered land

---

[7] 11 U.S.C. § 544(a)(3).

[8] 11 U.S.C. § 1107(a).

[9] *In re Wiseman*, 5 F.3d 417 (9th Cir. 1993).

[10] *In re Harvey*, 222 B.R. 888, 893 (9th Cir. 1998).

who takes a certificate of title for value and in good faith, hold the same free from all encumbrances except those noted on the certificate."[11] The Land Court statute creates a "pure race" recording regime. A bona fide purchaser of registered land takes the property free of all encumbrances that are not noted on the TCT, even if the purchaser has actual or constructive knowledge of them.[12]

JCCHO alleges that Cuzco committed fraud in various ways in connection with the master lease. Fraud can defeat certain parties' rights under the Land Court statute: "every subsequent purchaser of registered land who takes a certificate of title for value, *except in cases of fraud to which he is a party*, is entitled . . . to hold the same free from all encumbrances except those noted on the certificate and the statutory encumbrances enumerated."[13] But even if it were true that Cuzco defrauded JCCHO, that conduct is not attributable to Cuzco as a hypothetical bona fide purchaser under 11 U.S.C. § 544(a)(3).[14]

JCCHO argues that East West Bank's NOPA, which was noted on the TCT, was sufficient to bind a bona fide purchaser to the judgment in the foreclosure case,

---

[11] Haw. Rev. Stat. § 501-82.

[12] *Knaefler v. Mack*, 680 F.2d 671, 678 (9th Cir. 1982).

[13] *Application of Bishop Trust Co.*, 35 Haw. 816, 825 (1941) (emphasis added).

[14] JCCHO requests a continuance so it can conduct discovery concerning its fraud allegations against Cuzco. Because that fraud, even if proven, could not affect the outcome of this motion, I will deny the request.

U.S. Bankruptcy Court - Hawaii   #16-90031   Dkt # 39   Filed 11/03/16   Page 6 of 10

including a potential judgment in favor of JCCHO.

Haw. Rev. Stat. § 501-151 permits the filing of a NOPA relating to Land Court property:

> No writ of entry, action for partition, or any action affecting the title to real property or the use and occupancy thereof or the buildings thereon, and no judgment, nor any appeal or other proceeding to vacate or reverse any judgment, shall have any effect upon registered land as against persons other than the parties thereto, unless a full memorandum thereof, containing also a reference to the number of the certificate of title of the land affected is filed or recorded and registered. . . . Notice of the pendency of an action in a United States District Court, as well as a court of the State of Hawaii, may be recorded. . . .

Haw. Rev. Stat. § 634-51 also relates to NOPAs:

> In any action concerning real property or affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and any other party at the time of filing a pleading in which affirmative relief is claimed, or at any time afterwards, may record in the bureau of conveyances a notice of the pendency of the action, containing the names or designations of the parties, as set out in the summons or pleading, the object of the action or claim for affirmative relief, and a description of the property affected thereby. From and after the time of recording the notice, a person who becomes a purchaser or encumbrancer of the property affected shall be deemed to have constructive notice of the pendency of the action and be bound by any judgment entered therein if the person claims through a party to the action; provided that in the case of registered land, section 501-151, sections 501-241 to 501-248, and part II of chapter 501 shall govern.

> This section authorizes the recording of a notice of the pendency of an action in a United States District Court, as well as a state court.

Section 634-51 partly applies to Land Court property despite the proviso at the end of

7

U.S. Bankruptcy Court - Hawaii   #16-90031   Dkt # 39   Filed   11/03/16   Page 7 of 10

the first paragraph.[15] Section 501-151 provides that a pending action does not affect registered land unless a "full memorandum" thereof is filed in the Land Court (thus overruling the common law doctrine of *lis pendens* in the case of registered land). That section does not, however, say what happens if a "full memorandum" is filed in the Land Court. Section 634-51 provides the answer to that question. In other words, section 634-51 supplements, and is not entirely displaced by, section 501-151.

The specific question before me is whether a purchaser would take the Keeaumoku Property subject to JCCHO's master lease, even though the master lease was not filed in the Land Court, because East West Bank filed in the Land Court a NOPA relating to its foreclosure action and JCCHO filed claims in that action for enforcement of the master lease. Neither the statutory language nor the reported Hawaii decisions answer this question. The parties have not cited any other authority that provides a conclusive answer.

I predict that the courts of Hawaii would hold that East West Bank's NOPA does not protect JCCHO's claims under the unfiled master lease.

An overliteral reading of the applicable statutes could suggest that JCCHO can piggyback on East West Bank's NOPA. Sections 634-51 and 501-151 provide that, if a notice of pendency of action is filed, a purchaser of the affected land "shall be

---

[15] Sections 501-241 to 501-248 and part II of chapter 501 do not apply to this case because they govern the "deregistration" of property.

8

deemed to have constructive notice of the pendency of the action and be bound by *any judgment entered therein* if the person claims through a party to the action [emphasis added] . . . ."[16] Thus, JCCHO argues that, if a notice of pendency of action is filed in the Land Court, a purchaser is bound by any judgment in that suit, including a judgment on claims brought by or against a party who did not file the notice.

This interpretation is inconsistent, however, with the Hawaii courts' view that, because a recorded notice of pendency of action puts enormous "financial pressure on the property owner,"[17] the applicable statutes must be narrowly construed.

The Hawaii courts have looked to California's *lis pendens* statutes for guidance when interpreting Hawaii's statutes.[18] The California appellate courts hold that, if the cross-action is "of the same nature as the complaint," the crossclaimant need not file its own NOPA, but if the cross-claimant "files a cross-complaint, seeking affirmative relief and a new cause of action, he must file a new lis pendens and cannot rely on the

---

[16] *See also Theo. H. Davies & Co. v. Long & Melone Escrow, Ltd.*, 876 F. Supp. 230, 234 (D. Haw. 1995) ("Under the statute, parties obtaining an interest in property that is subject to an action properly recorded in the Land Court have constructive notice of the claims being asserted before the Land Court and will be bound by the outcome of that suit.")

[17] *S. Utsunomiya Enters., Inc. v. Moomuku Country Club*, 75 Haw. 480, 512 (1994).

[18] *Id.* at 505 n.10.
9

U.S. Bankruptcy Court - Hawaii   #16-90031   Dkt # 39   Filed 11/03/16   Page 9 of 10

earlier lis pendens filed by plaintiff."[19]

In this case, JCCHO filed a cross-claim and counterclaim in East West Bank's foreclosure case in which JCCHO sought affirmative relief (specific performance of the master lease and a declaration that the master lease "is valid, binding and enforceable") and new causes of action (breach of contract, breach of good faith and fair dealing, tortious interference with prospective economic advantage, and unjust enrichment). In these circumstances, JCCHO was not entitled to rely on East West Bank's NOPA. JCCHO could have filed its own NOPA. Its failure to do so means that Cuzco, as a hypothetical bona fide purchaser of the Keeaumoku Property, is entitled to avoid JCCHO's claims to the property.

Therefore, Cuzco's motion is GRANTED.

### END OF MEMORANDUM OF DECISION

---

[19] *Fremont Indem. Co. v. Du Alba*, 187 Cal. App. 3d 474, 478, 231 Cal. Rptr. 683, 685 (Ct. App. 4th Dist. 1986); *Orekar v. Lager*, 122 Cal. App. 370, 372-73, 10 P.2d 178 (Cal. App. 1st Dist. 1932) . *See also* 4 Miller & Starr, California Real Estate 4th §10.51 (Sept. 2016) ("When the cause of action is the same in both the complaint and the cross-complaint, and a judgment is rendered on the cross-complaint, the plaintiff's lis pendens constitutes notice to subsequent parties of the allegation in the defendant's cross-complaint, and the judgment on the cross-complaint has priority over interests acquired after the lis pendens is recorded. . . . However, when the causes of action in the complaint and cross-complaint are different, a third party does not have notice of the claim in a cross-complaint merely from the lis pendens recorded by the plaintiff. When the resolution of the allegations of the complaint does not establish the claim or interest of the defendant, the plaintiff's lis pendens does not put a third party on notice of the separate claim of the defendant/cross-complainant."); 3 Witkin, Cal. Proc. 5th *Actions* § 388 (2008) ("Where the defendant sets up an entirely different cause of action by cross-complaint, the notice recorded by the plaintiff does not protect the defendant; the latter should record his or her own lis pendens. ")